Day, J.
It is claimed the court erred in permitting the transcript of the preliminary proceedings in the prosecution before the justice of the peace to be given in evidence to the jury. The transcript was offered on the part of the State, to rebut, or weaken, the force of the testimony given by a witness for the defendant, by showing that the defendant was arrested at a later period than that fixed by the witness, and that he must therefore be mistaken as to the 18th of July being the date of the time when he saw the defendant come out of his house early in the morning. The time of the arrest of the defendant was the material fact sought to be shown. But the transcript did not show when the arrest was made. It only purported to state the date of the return of the writ. It therefore only tended to mislead the jury, to the prejudice of the defendant. Moreover, the tran *360 script was not admissible for the purpose of proving the d.ate of the arrest, if that fact had been recited in the return of the officer who made the arrest and copied in the transcript ; for it was not a fact to be entered in the docket of the justice. The statute only requires the justice to enter on his docket the date of the return of the writ, (code •of crim. pro. sec. 42, and S. & C. 804, sec. 203,) and makes his transcript evidence only of the entries required to be made on his docket. S. & C. 805, sec. 204. The court therefore erred in overruling the objection of the defeixdant to that evidence.
It is also claimed that the court ex’red in xxot setting the verdict aside, because the jury did not return, with their verdict of gxxilty, the value of the horse stolen. This claim is based on the 167th section of the code of criminal procedure, which is as follows :
“ When the indictment charges an offense against the property of another by larceny, embezzlement, or obtaining under false pretences, the jury, oxx coxxviction, shall ascertain and declare in their verdict, the value of the property stolen, embezzled or falsely obtained.”
Uixder the holding in Schoonover v. The State, (17 O. St. 294,) which was before the enactmexxt of this section, the judgment coxxld not be reversed on that ground ; for, where the averment of the value of the stolexx property is material ixx the indictmeixt, a general verdict of guilty implies a finding that the property is of sufficient value to constitute the offense charged in the indictment.
But the code now in force, oix this subject, is peremptory. The only question is, whether it applies to the offense of horse stealing under the 27th section of the crimes act, (S. & C. 412,) which makes it a penitentiary offense whatever may be the valxxe of the animal stolen. In all cases eff larceny under other sections of the statute; (S. & C. 408 and 439,) there is an obvious reason for requiring the jury, on conviction, to return ixx their verdict the value of the pro-party stolen, for that is what determines the grade of the offense, and the kind of penalty imposed by the statute. *361 The same is true of the crime of embezzlement, S. & C. 426. If this was the only reason for the requirement of the 167th section of the criminal code, there would be strong-reason for doubting its application to the crime of horse stealing, for it would have no practical effect.
There is nothing in the crimes act giving the term “ larceny,” as used in the 167th section of the code, any significance other than its ordinary meaning ; for, while the word is used in the section making the stealing of property of thirty-five dollars in value a penitentiary offense, it is not used in the section affixing a less penalty to the stealing of property of less value, nor is it used in the section relating to horse stealing. Horse steal ing is larceny, and the language ■employed in the 167th section of the code is clearly broad enough to embrace that offense. It expressly includes in its provisions the offense of obtaining property by false pretences, and the grade of punishment affixed to this offense by the statute, like that of horse stealing, does not depend upon the value of the property obtained. Since then the section applies expressly to one of these offenses, we cannot well hold that it has no application to the other, for there is no reason for applying it in one case that is not equally strong in the other. The determination of'the grade of punishment, is not, then, the only reason for this provision of the code. Although the value of the property stolen in one case, or falsely obtained in the other, may not affect the grade or kind of penalty imposed for these offenses, it may influence the degree of punishment to be inflicted. The statute gives a wide discretion to the court as to the degree of punishment to be adjudged, on conviction. In this view, it may have been regarded as material to the substantial rights of the defendant, that the actual value of the property stolen, or falsely obtained, should be “ascertained and returned ” in the verdict, and that it should not be left, as on a general verdict of guilty, according to respectable authorities it might be, (Bish. Crim. Pro. § 719,) to be implied to be the amount stated in the indictment.
But whatever reasons may have induced the enactment *362 of the section, its terms, are snch, we are constrained, to hold, that the offense for which the defendant was tried, was embraced in its provisions. To hold the reverse would virtually be a judicial repeal of the section.
The verdict was not, therefore, in accordance with the express requisition of the statute, and should have been set aside on the motion of the defendant made for that purpose.
It follows that the judgment must be reversed, and the cause remanded for a new trial. For this reason the other questions made in the record and in argument need not be considered, for they will probably be of no importance in the further progress of the case.
Welch, C. J., and White, MoIlvaine and West, JJ., concurred.